UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TERRY KERR and DENNIS KERR,<br><br>Plaintiffs,<br><br>v.<br><br>OCWEN LOAN SERVICING LLC, PERKINS COIE LLP, AKERMAN LLP, and DOES 1-10,<br><br>Defendants. | Case No. 4:18-cv-00146-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. OVERVIEW

Pending before the Court is a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) that Defendants Ocwen Loan Servicing LLC ("Ocwen") and Perkins Coie LLP ("Perkins Coie") filed jointly on April 25, 2018. Dkt. 3. Having reviewed the record and briefs, the Court finds that the parties have adequately presented the facts and legal arguments. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without a hearing. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). For the reasons outlined below, the Court GRANTS the Motion to Dismiss, but gives Plaintiffs Terry Kerr and Dennis Kerr ("the Kerrs") leave to file an Amended Complaint.

## II. FACTUAL BACKGROUND

In their Motion to Dismiss, Ocwen and Perkins Coie give the following background information:[1]

> In June 2006, the Kerrs obtained a cash-out refinance loan for $210,900. In August 2008, the Kerrs defaulted on their loan obligation. American Home Mortgage Servicing, Inc., which later became known as Homeward Residential, Inc. ("Homeward"), owned the loan and began non-judicial foreclosure proceedings in October 2009. Before the foreclosure was finalized, the Kerrs entered into a Loan Modification Agreement, effective as of June 1, 2010. Under that agreement, the Kerrs' first payment was due July 1, 2010. The Kerrs failed to make the first payment and have made no subsequent payments. Accordingly, foreclosure proceedings were initiated once again.
>
> In response to the foreclosure proceeding, Mr. Kerr filed a complaint against Homeward in Idaho state court, which Homeward then removed to the U.S. District Court for the District of Idaho. In his Complaint, Mr. Kerr alleged that Homeward (then American Home Mortgage Servicing, Inc.) (1) altered the Loan Modification Agreement without the Kerrs' consent; (2) criminally conspired with unidentified parties in a manner that "amounted to civil racketeering" and violated the Service Members Civil Relief Act; (3) acted in bad faith and violated the implied covenant of good faith and fair dealing; (4) acted with racial animus; and (5) intentionally inflicted emotional distress. On September 26, 2012, the Kerrs' Complaint was dismissed with prejudice.
>
> During the course of that proceeding, Mr. Kerr filed a Notice of Bad Faith and Misconduct and a Motion for Restraining Order against Perkins Coie attorney Cynthia Yee-Wallace. The court granted defendants' Motion to Strike and Motion for Sanctions, concluding that "Plaintiff's Notice and Motion for Restraining Order are patently frivolous and are without a legal or factual basis."
>
> In an opinion dated February 23, 2018, the Ninth Circuit affirmed the district court's order dismissing the First Action, with prejudice. Less than two months later, the Kerrs filed the instant action in which they raise the same allegations against Ocwen, which acquired Homeward and which is the current servicer of the subject note, as well as Perkins Coie LLP, the attorneys of record for Homeward in the First Action.

---

[1] The Court cites the background provided by Ocwen and Perkins Coie because the Kerrs have provided only sparse background information about this case.

Dkt. 3-1, at 2-4 (internal citations and footnotes omitted).

This "First Action" is Case No. 4:11-cv-00134-EJL-LMB in this District. The Court takes judicial notice of the filings in the First Action, as those documents are matters of public record or otherwise "not subject to reasonable dispute." Fed. R. Evid 201(b); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of briefs and other filings in related case and the appeal of that case).

In their Complaint in this case, Dkt. 1, the Kerrs do not recite the background as laid out by Ocwen and Perkins Coie. However, in their Response to the Motion to Dismiss, Dkt. 14, the Kerrs do not deny these background facts either. The Kerrs do deny receiving notice from the Ninth Circuit that it had affirmed this Court's dismissal of the First Action. *Id.*

Shortly after the Kerrs filed their Complaint, Ocwen and Perkins Coie filed the pending Motion to Dismiss. Dkt. 3. That Motion is now fully briefed and ripe for decision.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of

the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007). "This is not an onerous burden." *Johnson*, 534 F.3d at 1121. A complaint "does not need detailed factual allegations," but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. The complaint must also contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570. In considering a Rule 12(b)(6) motion, the Court must view the "complaint in the light most favorable to" the claimant and "accept[] all well-pleaded factual allegations as true, as well as any reasonable inference drawn from them." *Johnson*, 534 F.3d at 1122.

The Court must construe this complaint "liberally," as the Kerrs are proceeding pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks and citation omitted). "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)).

# IV. ANALYSIS

Defendants move to dismiss Plaintiffs complaint for two reasons: (1) because the Kerrs have not asserted sufficient facts to support their claims; and (2) because res judicata bars the Kerrs' claims. The Court will briefly address each argument in turn.

In their Complaint, the Kerrs provide the following "factual allegations:"

> 2. The plaintiffs are entitled to relief for the crimes that were intentional done through illegal means to acco[m]plish legal objectives. The defendants did civil and criminal conspired violations and did willful, malicious, and criminal crimes purposely to cause financial and emotional grief and distress. The egre[g]ious and unscrupulous civil and criminal racketeering using callous acts and conspired design of specific conduct to injure and damage the plaintiffs was a complete affront to the justice system! The defendants actions are defin[i]tely outside the normal bad faith misconduct actions!
>
> 3. The conspired design of the illegal and outr[]ageous criminal acts to injure the plaintiffs does permit the recovery of damages actual and compensatory as well as injunctive and declaratory relief!

Dkt. 1, at 2-3. The Kerrs intend these "factual allegations" to support the following four claims for relief: (1) a violations of the Racketeer Influenced and Corrupt Organization Act, "coupled with deceptive practices and conspired fraud;" (2) violations of the anti-tying provisions of the Bank Holding Act; (3) breach of the implied covenant of good faith and fair dealing; (4) "racial animus and the intentional infliction of emotional and financial distress to libel slander and cause defam[]ation to the plaintiffs." *Id.* at 3-4.

The Kerrs factual allegations are severely deficient. The Court acknowledges that the Kerrs are proceeding pro se, but they have provided no concrete details as to what actions Defendants have taken that justify this suit. The Kerrs do not need to provide the who, what, where, when, and how of all the events giving rise to their case, but they must

provide enough details to give Defendants "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. The Kerrs' factual allegations are conclusory at best and give no specifics that might give Defendants notice of the factual basis of the claims asserted against them. In sum, even construing the Complaint liberally, the Kerrs have failed to state any claim upon which the Court can grant relief and dismissal pursuant to Federal Rule of Procedure 12(b)(6) is appropriate. The Court will give the Kerrs leave to file an Amended Complaint because, based on the minimal factual allegations in the Complaint, it is not "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg*, 488 F.3d at 1205.

As noted above, Ocwen and Perkins Coie also argue the Court should dismiss this case under the doctrine of res judicata. "[I]n order for res judicata to bar litigation, the following requirements must be met: (1) the same claim or cause of action arising out of the same facts must be involved in both suits; (2) there must be a final judgment on the merits in the prior action; and (3) the parties in the instant action must be the same as or in privity with the parties in the prior action in question." *Coeur d'Alene Tribe v. Asarco Inc.*, 280 F. Supp.2d 1094, 1118 (D. Idaho 2003) (citations omitted). Defendants argue res judicata bars this action because the claims the Kerrs now assert are identical to the claims the Kerrs asserted in the First Action, Case No. 4:11-cv-00134-EJL-LMB, which this Court dismissed with prejudice.

The Kerrs have asserted such minimal factual background to support their claims that the Court cannot determine if the claims the Kerrs now assert are the same claims they asserted in the First Action. Accordingly, the Court cannot determine if res judicata

bars this litigation at this time. However, the Court will reconsider this argument, if appropriate, in a future motion.

## V. ORDER

The Court HEREBY ORDERS:

1. The Motion to Dismiss, (Dkt. 3), is GRANTED and the Complaint is DISMISSED WITHOUT PREJUDICE.

2. The Kerrs shall file an Amended Complaint within 30 days of the issuance of this Order. The Complaint must contain sufficient factual details to give Defendants notice of the claims asserted and the basis for those claims. Failure to comply with this Order will result in the dismissal of this case with prejudice.

DATED: June 28, 2018

_____
David C. Nye
U.S. District Court Judge