UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| TERRY KERR and DENNIS KERR, | Case No. 4:18-cv-000146-DCN |
|---|---|
| Plaintiffs, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| OCWEN LOAN SERVICING LLC, PERKINS COIE LLP, AKERMAN LLP, and DOES 1-10, | |
| Defendants. | |

# I. OVERVIEW

Pending before the Court are two Motions to Dismiss: one filed by Defendant Akerman LLP ("Akerman") (Dkt. 19), the other filed jointly by Defendants Ocwen Loan Servicing LLC ("Ocwen") and Perkins Coie LLP ("Perkins Coie") (Dkt. 23). Having reviewed the record and briefs, the Court finds that the parties have adequately presented the facts and legal arguments. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without a hearing. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). For the reasons outlined below, the Court GRANTS both Motions to Dismiss, and DISMISSES Plaintiffs' Amended Complaint WITH PREJUDICE.

## II. BACKGROUND

Plaintiffs Terry Kerr and Dennis Kerr ("the Kerrs") filed their original complaint in this case on March 30, 2018. Dkt. 1. In their motion to dismiss the original complaint, Ocwen and Perkins Coie provided the following background information:[1]

> In June 2006, the Kerrs obtained a cash-out refinance loan for $210,900. In August 2008, the Kerrs defaulted on their loan obligation. American Home Mortgage Servicing, Inc., which later became known as Homeward Residential, Inc. ("Homeward"), owned the loan and began non-judicial foreclosure proceedings in October 2009. Before the foreclosure was finalized, the Kerrs entered into a Loan Modification Agreement, effective as of June 1, 2010. Under that agreement, the Kerrs' first payment was due July 1, 2010. The Kerrs failed to make the first payment and have made no subsequent payments. Accordingly, foreclosure proceedings were initiated once again.
>
> In response to the foreclosure proceeding, Mr. Kerr filed a complaint against Homeward in Idaho state court, which Homeward then removed to the U.S. District Court for the District of Idaho. In his Complaint, Mr. Kerr alleged that Homeward (then American Home Mortgage Servicing, Inc.)
> (1)     altered the Loan Modification Agreement without the Kerrs' consent;
> (2)     criminally conspired with unidentified parties in a manner that "amounted to civil racketeering" and violated the Service Members Civil Relief Act; (3) acted in bad faith and violated the implied covenant of good faith and fair dealing; (4) acted with racial animus; and (5) intentionally inflicted emotional distress. On September 26, 2012, the Kerrs' Complaint was dismissed with prejudice.
>
> During the course of that proceeding, Mr. Kerr filed a Notice of Bad Faith and Misconduct and a Motion for Restraining Order against Perkins Coie attorney Cynthia Yee-Wallace. The court granted defendants' Motion to Strike and Motion for Sanctions, concluding that "Plaintiff's Notice and Motion for Restraining Order are patently frivolous and are without a legal or factual basis."
>
> In an opinion dated February 23, 2018, the Ninth Circuit affirmed the district court's order dismissing the First Action, with prejudice. Less than

---

[1] The Court quotes the background provided in Ocwen and Perkins Coie's previous Motion to Dismiss because the Kerrs have provided only sparse background information about this case, and this summary still stands as the most detailed factual background in the record.

two months later, the Kerrs filed the instant action in which they raise the same allegations against Ocwen, which acquired Homeward and which is the current servicer of the subject note, as well as Perkins Coie LLP, the attorneys of record for Homeward in the First Action.

Dkt. 3, at 2-4.

The Court ultimately granted the Motion to Dismiss, and simultaneously granted the Kerrs leave to amend their complaint. Dkt. 17. On July 27, 2018, the Kerrs filed their Amended Complaint. Dkt. 18. Akerman filed a Motion to Dismiss the Amended Complaint on August 8, 2018 (Dkt. 19) and Ocwen and Perkins Coie jointly filed a Motion to Dismiss on August 16, 2018 (Dkt. 23).

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007). "This is not an onerous burden." *Johnson*, 534 F.3d at 1121. A complaint "does not need detailed factual allegations," but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. The complaint must also contain sufficient factual matter to

MEMORANDUM DECISION AND ORDER - 3

"state a claim to relief that is plausible on its face." *Id.* at 570. In considering a Rule 12(b)(6) motion, the Court must view the "complaint in the light most favorable to" the claimant and "accept[] all well-pleaded factual allegations as true, as well as any reasonable inference drawn from them." *Johnson*, 534 F.3d at 1122.

The Court must construe this complaint "liberally," as the Kerrs are proceeding pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks and citation omitted). "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)).

## IV. ANALYSIS

While not entirely clear, the Kerrs' Amended Complaint appears to include the following claims: (1) violations of the Racketeer Influenced and Corrupt Organization Act (2) breach of the implied covenant of good faith and fair dealing; (3) racial animus (4) defamation through libel and slander (5) intentional infliction of emotional distress, and (6) violations of the Fair Debt Collection Practices Act. Defendants move to dismiss Plaintiffs' Amended Complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

In dismissing the Kerrs' original complaint, the Court explained that the "factual allegations [set forth in the complaint] are severely deficient. . . . the Kerrs are proceeding pro se, but they have provided no concrete details as to what actions Defendants have taken that justify this suit." Dkt. 17, at 5-6. After reviewing the Kerrs' Amended Complaint, it is clear that these deficiencies remain.

Once again, the Kerrs' factual allegations are conclusory and lack the necessary specifics that might give Defendants notice of the factual basis of the claims asserted against them. As the Court explained above, the complaint need not include "detailed factual allegations," but there must be enough factual matter to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. The Kerrs' complaint falls woefully short in this regard. Even construing the Amended Complaint liberally, the Kerrs have failed to state any claim upon which the Court can grant relief and dismissal pursuant to Federal Rule of Procedure 12(b)(6) is proper. Defendants' Motions to Dismiss (Dkt. 19; Dkt. 23) are GRANTED.

As the Court has already granted the Kerrs leave to file an Amended Complaint once before—and in light of the implausible nature of the Kerrs' allegations—the Court deems it futile to allow the Kerrs yet another opportunity to amend their complaint. Accordingly, their Amended Complaint is DISMISSED WITH PREJDUCE.

///

///

///

///

# V. ORDER

1. Defendants' Motions to Dismiss (Dkt. 19; Dkt. 23) are GRANTED and the Kerrs' Amended Complaint is DISMISSED WITH PREJUDICE.

2. The Court will enter a separate Judgment in accordance with Fed. R. Civ. P. 58.

DATED: November 9, 2018

David C. Nye
U.S. District Court Judge